FILED
2008 JUL -1 PM 2:02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERSHELL PRATT,<br><br>Petitioner,<br><br>v.<br><br>KEN CLARK, Warden, *et al.*,<br><br>Respondents. | Civil No. 08cv0824 BEN (RBB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner, has filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (2006).

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal *habeas corpus* claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal *habeas corpus* claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

1 | a State court" <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the
2 | United States." *See* 28 U.S.C. § 2254(a).

3 |      Under Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Petitioner claims that the state trial court erred when it excluded evidence of another suspect who fit his description and that he was improperly convicted of two crimes, one of which was a lesser included offense of the other. (*See* Pet. at 6-7.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

     Furthermore, the Court notes that Petitioner cannot simply amend his Petition to state a federal *habeas* claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing federal *habeas* claims. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)-(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal *habeas* petition. *See* 28 U.S.C. § 2254(b)-(c); *Granberry*, 481 U.S. at 133-34. To properly exhaust state court judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry* reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." 513 U.S. 364, 365-66 (1995) (emphasis added). For example, "[i]f a *habeas* petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.*

     Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (2002).

  The Court also notes that the statute of limitations does not run while a properly filed <u>state</u> *habeas corpus* petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> *habeas* petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

  Based on the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than <u>August 29, 2008</u>**, file a First Amended Petition that cures the pleading deficiencies set forth above. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK FIRST AMENDED PETITION FORM.**

  **IT IS SO ORDERED.**

Dated: June __, 2008

Roger T. Benitez
United States District Judge